# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5657 | **DATE** | 8/23/2011 |
| **CASE TITLE** | Collins v. Advantage Sales & Marketing, LLC | | |

**DOCKET ENTRY TEXT**

For the reasons stated, the Court denies Collins' Motion to Proceed *In Forma Pauperis*.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

     Plaintiff Teresa Collins ("Collins") moves to proceed *in forma pauperis* without the full prepayment of filing fees. For the reasons stated below, the Court denies Collins' Motion to Proceed *In Forma Pauperis*.

     Collins alleges that her employer, Advantage Sales and Marketing ("Advantage"), discriminated against her based on her age and race. Specifically, Collins, who is a 50 year old black woman, asserts that a younger, non-black employee was given a promotion over her. Collins claims that she was denied the promotion due to her age and race and also asserts that her supervisor, Holly Grant ("Grant"), reduced Collins' work hours once Grant learned that Collins had filed charges with the EEOC. Collins remains employed at Advantage.

     Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Collins to proceed *in forma pauperis* if she is unable to pay the mandated court fees. Collins need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, she is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent her from providing for life's necessities. *See id*. According to her financial affidavit, Collins has been employed at Advantage since June 4, 2010, earning approximately $250 per month. Collins is married and her husband is employed as a gas attendant at Marathon Oil where he earns $2,800 per month. In addition, Collins receives $450 per month in public assistance. Collins and her husband own two automobiles—worth $7,000 and $9,000 respectively—in which they have 100% equity, owing no monthly payments. Neither Collins nor anyone in her residence own any other items of personal property worth over $1,000, nor do they have more than $200 in cash or in a checking or savings account. Collins' dependents include a son and daughter who are college students and a married daughter whom she gives money to from time to time. Based on these facts, Collins' financial affidavit does not set forth her inability to pay the mandated court fees. Her spouse's current employment, combined with her income and public assistance, totals $3,500 per month and Collins' financial affidavit does not indicate that she has any overly burdensome loan or mortgage payments. As such, Collins' financial affidavit does not sufficiently set forth her inability to pay the

| STATEMENT |
|---|

mandated court fees.

     The Court, however, must also look beyond Collins' financial status. Section 1915 requires the Court to review the claims of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Here, Collins alleges that her employer, Advantage, discriminated against her based on her age and race when it promoted a younger, non-black employee over Collins. Collins' Complaint was timely filed, provides Advantage with adequate notice of the charges, and does not appear frivolous or otherwise meritless. Therefore, Collins' Complaint is properly before the Court.

     For the reasons stated, the Court denies Collins' Motion to Proceed *In Forma Pauperis*.